NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
EDWARD J. MCINTYRE [SBN 80402]
emcintyre@swsslaw.com
ALISON L. PIVONKA [SBN 156977]
apivonka@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for HANSEN BEVERAGE COMPANY

FILED
2008 SEP -3 PM 4:06
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HANSEN BEVERAGE COMPANY, a Delaware corporation,

Plaintiff,

v.

N2G DISTRIBUTING, INC. , a California corporation,

Defendant.

CASE NO. '08 CV 1613 IEG WMc

**COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 AND 17500**

**AND**

**JURY TRIAL DEMAND**

P:00438674:07565.160

**PREAMBLE**

This case involves a seller of energy drinks who, instead of allowing its products to speak for themselves in the marketplace, resorted to false advertising in order to try to boost its own position and diminish Hansen's. The Lanham Act and California law provide Hansen with remedies for the false advertising that has harmed its commercial interests.

**PARTIES**

**Plaintiff.**

1. Hansen Beverage Company is a Delaware corporation, licensed to do business in California, with its principal place of business in Corona, California.

2. Since 1992, Hansen has developed, marketed, sold, and distributed non-alcoholic beverages such as sodas, fruit juices, energy and sports drinks, smoothies, lemonades, and iced teas.

**Defendant.**

3. N2G Distributing, Inc., ("N2G Distributing"), Hansen is informed and believes, a California corporation with its principal place of business in Highland, California. N2G Distributing conducts business in this district.

4. N2G Distributing commercially advertises and markets in interstate commerce competing energy drinks, each of which publicly claim and represent, *inter alia*, that they produce between five to seven hours of energy.

**JURISDICTION**

5. Because this civil action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and specifically 15 U.S.C. § 1125(a)(1)(B), this Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. This Court also has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1) in that it is a civil action between citizens of different states, namely, California and Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Finally, this Court has subject matter jurisdiction over Hansen's California

unfair competition and false advertising claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with a substantial related claim under the Lanham Act and this Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

8. Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391(b).

## MATERIAL ALLEGATIONS

**Hansen.**

9. Hansen's energy drinks have been extremely successful and are sold throughout the United States by more than 100,000 retail stores, including convenience stores, gas stations, supermarkets, club stores, drug stores and warehouse stores.

10. In 1997 Hansen introduced Hansen's® Energy Drinks.

11. Then, in April 2002, Hansen released the first of its popular Monster Energy® drinks. The line of Monster Energy® drinks has since grown to include the Lo-Carb Monster, Monster Khaos, Monster Assault, Monster M-80, Monster Heavy Metal, and Monster Mixxd energy drinks, which also use the Monster and Monster Energy® trademarks and similar trade dresses.

12. In 2004, Hansen introduced Lost® Energy™ Drinks and Rumba™. In 2005, Hansen introduced Joker Mad Energy™ drinks, a low-carb version of Lost® under the Perfect 10™ brand name as well as a new Lost® Five-O™ energy drink.

13. In 2006 Hansen introduced Ace™ Energy drinks and Unbound Energy® drinks.

14. Hansen's energy drinks have achieved significant success in commerce throughout the United States and are favored energy drinks for millions of customers.

**N2G Distributing.**

15. N2G Distributing's "Nitro2Go Instant Energy" and "Wicked Energy" are competing energy-drink products that N2G Distributing markets and sells in interstate commerce throughout the United States.

16. N2G Distributing advertises its Nitro2Go Instant Energy and Wicked Energy

drinks in commercial advertising across the United States.

17. Rather than engage in fair competition in the marketplace, however, and allow consumers to exercise their own choice, N2G Distributing has resorted to false advertising to attempt to promote its Nitro2Go Instant Energy and Wicked Energy drinks and falsely to discourage customers from using or purchasing Hansen's energy drinks.

**The False Advertising Claims.**

18. N2G Distributing conspicuously makes the following claims on each Nitro2Go Instant Energy drink's container:

- "Works for 5-7 Hours"
- "Starts Working Immediately"
- "Burns Off Clean-No Crash"
- "Zero Fat Calories"
- "Antioxidant Enhanced"

19. N2G Distributing' claims on the product containers that its Nitro2Go Instant Energy product "Works for 5-7 Hours," that it "Starts Working Immediately" and "Burns Off Clean-No Crash" are based on its ingredients, at least as disclosed on the applicable product container labels, is false and misleading based on generally accepted principles of biochemistry, pharmacology and physiology and cannot and do not produce the effects claimed.

20. N2G Distributing conspicuously makes the following claims on each Wicked Energy drink's container:

- "Strikes Fast With 6-7 Hours of Endless Energy"

21. N2G Distributing' claims on the product containers that its Wicked Energy product "Strikes Fast With 6-7 Hours of Endless Energy" is based on its ingredients, at least as disclosed on the applicable product container labels, false and misleading based on generally accepted principles of biochemistry, pharmacology and physiology and cannot and does not produce the effects claimed.

22. The statements quoted above are false and misleading statements of material fact about N2G Distributing's own products, such that they are likely to influence the purchasing decisions of a substantial number of reasonable consumers and actually deceive

or have the tendency to deceive a substantial segment of the reasonable consumer audience.

23. All such statements constitute false advertising that Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and also California's unfair competition law, Business & Professions Code §§ 17200 and 17500, prohibit.

24. Worse, the effect such advertising has, and will have, on reasonable consumers makes N2G Distributing's false claims about itself and its false statements about Hansen energy drinks even more pernicious.

**FIRST CLAIM FOR RELIEF**

**[FALSE ADVERTISING—VIOLATION OF 15 U.S.C. § 1125(a)]**

25. Hansen incorporates by this reference paragraphs 1 through 24, above.

26. Hansen sells beverages in interstate commerce throughout the United States.

27. N2G Distributing sells its Nitro2Go Instant Energy and Wicked Energy products in interstate commerce throughout the United States and it competes with Hansen's energy drinks.

28. N2G Distributing engages in commercial advertising in interstate commerce across the United States.

29. N2G Distributing's advertisements contain false and misleading statements of fact concerning its own product.

30. N2G Distributing's false and misleading commercial advertising in interstate commerce violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that: it contains false and misleading statements of fact in commercial advertising about its own products and about Hansen's products; those representations are material; they are likely to influence the purchasing decision of a substantial number of reasonable consumers; those misrepresentations actually deceive or, at a minimum, have the tendency to deceive a substantial segment of the reasonable consumer audience; and, Hansen has been injured, and in the future is likely to continue to be injured, as a result of the misrepresentations, both by the direct diversion of sales from Hansen to N2G Distributing and by a lessening of the goodwill associated with Hansen's products.

31. As a direct and proximate result, Hansen has suffered injury and harm and will continue to suffer such harm, including money damages in excess of $75,000, exclusive of interest and costs, the exact amount of which Hansen will prove at trial.

32. Hansen is informed and believes that N2G Distributing's false and misleading advertising is willful.

33. Hansen has no adequate remedy at law with respect to N2G Distributing's future false and misleading commercial advertising precisely because Hansen is informed and believes that N2G Distributing will continue in its same course of conduct unless and until it has been restrained by an order of this Court.

**SECOND CLAIM FOR RELIEF**

**[FALSE ADVERTISING—CALIFORNIA LAW]**

34. Hansen incorporates by this reference paragraphs 1 through 33, above.

35. N2G Distributing's conduct, as alleged above, violates the misbranding provisions of the Federal Food, Drug and Cosmetic Act, 21 USC §§ 343 and 350, which make the false or misleading labeling of, *inter alia*, dietary and vitamin supplements unlawful and illegal.

36. In addition, N2G Distributing's conduct, as alleged above, violates § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), in that it constitutes an unfair method of competition in or affecting commerce and unfair and deceptive acts and practices in or affecting commerce.

37. N2G Distributing's conduct, as alleged above, constitutes false advertising and unfair competition pursuant to the provisions of Business & Professions Code §§ 17200 and 17500.

38. As a direct and proximate result, Hansen has suffered injury and harm and will continue to suffer injury and harm both by the direct diversion of sales from Hansen to N2G Distributing and by a lessening of the goodwill associated with Hansen's products.

39. Hansen has no adequate remedy at law with respect to N2G Distributing's future false and misleading commercial advertising precisely because Hansen is informed

and believes that N2G Distributing will continue in its same course of conduct unless and until it has been restrained by an order of this Court.

WHEREFORE, Hansen Beverage Company prays for relief against N2G Distributing as follows:

1. For preliminary and permanent injunctive relief against N2G Distributing pursuant to 15 U.S.C. §§1116 and 1125(a) and Business & Professions Code § 17203;

2. For an award of money damages;

3. For the recovery of N2G Distributing's illegal and unjust profits;

4. For three times Hansen's actual money damages;

5. For a finding that N2G Distributing's conduct constitutes an exceptional case, such that Hansen is entitled to its attorneys fees in addition to its costs and expenses of suit;

6. For disgorgement of N2G Distributing's illegal and unjust profits;

7. For punitive and exemplary damages; and,

8. For such other and further relief as this Court deems just and proper.

DATED: September 3, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]
NORMAN L. SMITH
EDWARD J. MCINTYRE
ALISON L. PIVONKA
Attorneys for Hansen Beverage Company

**DEMAND FOR JURY**

Hansen Beverage Company demands a jury trial of all claims triable by a jury.

DATED: September 3, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]
NORMAN L. SMITH
EDWARD J. MCINTYRE
ALISON L. PIVONKA
Attorneys for Hansen Beverage Company

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HANSEN BEVERAGE COMPANY, a Delaware corporation

**DEFENDANTS**
N2G DISTRIBUTING, INC., a California corporation

FILED
2008 SEP -3 PM 4:06
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Norman L. Smith (SBN 106344)
Edward J. McIntyre (SBN 80402)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200, San Diego, CA 92101
Telephone: (619) 231-0303; Facsimile: (619) 231-4755

Attorneys (If Known)

'08 CV 1613 IEG WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
15 U.S.C. Section 1125(a)(1)(B)
Brief description of cause:
False advertising in violation of Lanham Act, Business & Professions Code Sections 17200 and 17500 and Trade Libel

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Irma E. Gonzalez DOCKET NUMBER 08-CV-1166

DATE September 3, 2008
SIGNATURE OF ATTORNEY OF RECORD EDWARD J. MCINTYRE

**FOR OFFICE USE ONLY**
RECEIPT # 154661 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CSDJS44

CR
LAC 9/3/08

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154661 - TC**
*** * C O P Y * ***
**September 03, 2008**
**16:07:34**

**Civ Fil Non-Pris**
USAO #.: 08CV1613
Judge..: IRMA E GONZALEZ
Amount.: $350.00 CK
Check#.: PC6227

**Total-> $350.00**

FROM: HANSEN BEVERAGES
VS
N2G DISTRIBUTING